**No. 63658.**—H. R. Barthel *v.* United States, protest 279484–K/7896 (Chicago).

OLIVER, Chief Judge: This protest relates to certain items of merchandise described on the invoice as "bottem plates," "spindles," "bridges with spindles," and "rail lifting windlasses." Duty was levied thereon at the rate of 22½ per centum ad valorem under paragraph 397 of the Tariff Act of 1930, as modified, as manufactures of metal, not specially provided for. Plaintiff claims that the articles in question are parts of tamping machines, and, therefore, are properly classifiable under the provision for parts of machines, not specially provided for, in paragraph 372 of the Tariff Act of 1930, as amended, carrying a dutiable rate of 13¾ per centum ad valorem.

One witness testified. He stated that he was employed for 32 years as a sales engineer for the United States Steel Corp., that during such employment he "was handling railroad accounts, maintenance and signal department agencies" (R. 3), and that, thereafter, for a period of 6 years, he has been a manufacturer's agent, selling various railroad equipment. Following is a summary of the witness' testimony.

In the absence of samples, we quote from the witness' testimony, wherein the merchandise in question is described as follows (R. 4) :

Q. Would you describe what bottom plates are?—A. It's a steel plate about 6 x 8 that fits alongside of the tie, and there is some more items go with it.

Q. Let's go through all these items. How about spindles?—A. A spindle is a—looks like a large screw that fits into this bottom plate.

Q. And the bridges with spindles?—A. Are two long arms that goes under the way.

Q. And the rail lifting windlasses?—A. This on the ends is another little plate with another little screw on it.

The articles in question are used with a tamping machine, which is a diesel-driven, self-propelled unit, designed to replace hand labor in the laying of railroad track. These articles hold the rail in position for the tamping machine to tamp the rail properly. In serving their purpose, the different items under consideration are used as follows: The bridges or arms go under the rail and into the spindle on the back end, and "the spindle screwed in until the track is perfectly level." The ballast, usually crushed stone, is spread around the track and ties; and, in one operation, the tamping machine levels the track and tamps the ballast. As the tamping machine moves along, the imported items involved herein are put "ahead of the machine to level up again." (R. 6.) The articles in question are designed for use with tamping machines, and they have no other use than to lift rails for the tamping machine to operate.

There appears to be no dispute that a tamping machine is a machine within the tariff sense of the term. *Simon, Buhler & Baumann (Inc.)* v. *United States,* 8 Ct. Cust. Appls. 273, T.D. 37537. The sole question for determination is whether the articles in question are parts of such machines. The leading authority upon the question of what constitutes a "part" of an article is *United States* v. *Willoughby Camera Stores, Inc.,* 21 C.C.P.A. (Customs) 322, T.D. 46851, wherein the appellate court stated as follows:

It is a well-established rule that a "part" of an article is something necessary to the completion of that article. It is an integral, constituent, or component part, without which the article to which it is to be joined, could not *function as such article.* * * *

The mere fact that two articles are designed and construed to be used together, does not necessarily make either a part of the other. * * * [Italics quoted.]

In the cited case, the merchandise consisted of certain wooden tripods. In rejecting the importer's claim for classification of the articles as parts of cameras, the court stated as follows:

It is evident, we think, from the character of the articles and from the testimony in the case, that, when a tripod and a camera are used together, each "performs its separate function without loss of any of its essential characteristics." Whether separate or joined, each is complete in itself, each is a distinct and separate commercial entity. * * *

We are of opinion, therefore, that, although it may be necessary to use *tripods* as *supports* for the involved *cameras,* tripods are not, for that reason, integral, constituent, or component parts of such cameras. The most that can be said is that the two articles—a tripod and a camera—are designed to be used together, one as a support for the other, and that they are chiefly so used. [Italics quoted.]

Comparable reasoning may be applied in this case. Here, the imported items are used as supports, for tamping machines to perform their function of tamping a railroad bed for the purpose of leveling the railroad track. While the merchandise in question is designed for use with tamping machines, and "on new work you must have those devices in order to hold the rail in perfect position" (R. 6), they are not integral, constituent, or component parts of such machines. Plaintiff's witness stated that the four items in question "make one article, one accessory." (R. 7.) It may be said that these items aid the operation of a tamping machine, but they are in no way related to the functional parts of such a machine. When the imported merchandise and a tamping machine are used together, they perform their separate functions, independently, without the loss of any of their individual essential characteristics. They are separate and distinct commercial entities. The use of the present merchandise with tamping machines is in the nature of accessories to, or adjuncts of, such machines, and not parts thereof, within the meaning of the term "part," as enunciated in the *Willoughby Camera Stores, Inc.,* case, *supra,* and we so hold.

Consideration has been given to all of the cases cited in plaintiff's brief, but, because of factual differences as well as distinguishable legal questions presented therein, we find it unnecessary to review them here.

On the basis of the record before us, and for all of the reasons hereinabove set forth, we hold the merchandise in question, represented by the above-enumerated items, to be properly dutiable at the rate of 22½ per centum ad valorem under paragraph 397, as amended, as manufactures of metal, not specially provided for, as assessed by the collector.

The protest is overruled and judgment will be rendered accordingly.